IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILBER DAVID SILVA, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED SCAFFOLDING, INC. and TOM BOWES, Jointly and Severally,<br><br>Defendants. | Case No.<br>1:24-cv-04591-LGS |

## ~~PROPOSED~~ ORDER

This matter is before the Court on the Parties' Joint Letter to Approve Settlement (Doc. 37; hereinafter "Letter"). The Parties request that the Court review and approve the Settlement Agreement (Doc. 37-1) and dismiss this action with prejudice. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015).

The Court recognizes that prior to the case settling, the Parties have had extensive correspondences about various issues and contentions of Defendants, such as: (1) The complaint has failed to state a claim (Doc. 21 at 1-2), (2) Tom Bowes should not be sued as an individual defendant (Doc. 21 at 2; Doc. 30 at 2-3), (3) Conditional certification is inappropriate (Doc. 20 at 1-2), (4) Plaintiffs are not entitled to a jury trial (Doc. 31 at 2), (5) The Court lacks subject matter jurisdiction and should not exercise supplemental jurisdiction over the state law causes of action (Doc. 31 at 3), and (6) Almost all employees have signed arbitration agreements so their claims cannot be heard by this Court (Doc. 27). Plaintiffs have filed several letters in response to these filings (Doc. 20, 23, 24, 25, and 28).

The Court has reviewed the Letter, the Settlement Agreement, and the record. In light of

the factors set forth in *Wolinsky*, the Court finds that the terms of the settlement: (1) provide Plaintiffs with a substantial recovery, given their possible range of recovery; (2) enable the parties to avoid the burdens and expenses of protected litigation; (3) allow both sides to avoid substantial risks in the litigation; (4) is the product of arm's-length negotiation by experienced counsel; and (5) there has been no fraud or collusion. See *Wolinsky v. Scholastic Inc.*, 900 F.Supp. 2d 332, 335-36 (S.D. N.Y. 2012).

Plaintiffs' counsel has requested an contingency fee award of one-third of the recovery, which counsel represents has been agreed to by Plaintiffs in their retainer agreements. Contingency fee awards of one-third of the total recovery are generally acceptable in FLSA and NYLL cases in this circuit. See e.g. *Sung v. Top System Alarm, Inc.*, Case No. 21-cv-2446, WL 2312455 (WFK) (JAM) (E.D. N.Y. May 22, 2024) (awarding plaintiff's counsel $36,035.51 as one-third of the $110,000 award to plaintiff in individual FLSA case); *Quispe v. Stone & Tile, Inc.*, 583 F.Supp.3d 372 (E.D. N.Y. 2022); *Gonzalez v. 27 W.H. Bake, LLC*, Case No. 15Civ4161 (PAC) (HBP), WL 1918623 (S.D. N.Y. Apr. 20, 2018).

"The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it 'directly aligns the interests of [Plaintiff] and [his] counsel.'" *Gonzalez v. Citusa Park Ave., LLC*, No. 20-CIV-2326 (AT), 2020 WL 8920703, at 2 (S.D.N.Y. Nov. 30, 2020) (citations omitted). However, courts frequently do a cross-check using the *Lodestar* method, to determine whether a contingency fee is unduly favorable to plaintiff's counsel. See *James v. China Grill Mgmt., Inc. et al.*, Case No. 18civ455 (LGS), WL 1915298, 1 (S.D. N.Y. Apr. 30, 2019) (Schofield, J.).

The first step in *Lodestar* is to determine the hourly rate. *Id.* "Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced

litigators in wage-and-hour cases." *Lizondro-Garcia v. Kefi LLC*, Case No. 12Civ1906 (HBP), WL 4006896 (S.D. N.Y. July 1, 2015). Furthermore, "the quality of representation is best measured by results." *In re Colgate-Palmolive Co. ERISA Litigation*, 36 F.Supp.3d 344, 352 (S.D. N.Y. 2014) (*citing Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 55 (2nd Cir. 2000)). The Court recognizes that Plaintiffs have received 95.6% of their requested damages, and that this is a substantial recovery. *See* Joint Letter (Doc. 31 at 4) (Plaintiffs requesting a total of $104,868).

Plaintiffs' counsel Brandon A. Thomas has requested a rate of $375 per hour, and Rebecca Houlding has requested a rate of $450 per hour. The Court finds that the hourly rates requested are reasonable based on counsels' skill, experience, and the recovery in this case. *See Lucero v. Shaker Contractors, Corp.*, Case No. 21Civ8675 (LGS), WL 4936255 (S.D. N.Y. July 27, 2023) (Schofield, J.).

The second step in *Lodestar* is to determine the amount of hours appropriately billed by counsel. *James*, WL 1915298 at 1. The Court has reviewed the declarations attached in support of the Letter, and the detailed billing statements submitted by Plaintiffs' counsel as exhibits. The Court finds that the hours billed in this action by Plaintiffs' counsel are reasonable.

Plaintiffs' counsel has accrued $29,587.50 in attorney's fees, and is seeking a contingency fee award of $32,926.20, which is a multiplier of 1.12. The Court finds the contingency fee is reasonable and the multiplier is within the range frequently approved in this circuit. *See e.g. Lizondro-Garcia v. Kefi LLC*, Case No. 12Civ1906 (HBP), WL 4006896, 10 (S.D. N.Y. July 1, 2015) (awarding contingency fee of one-third to plaintiff's counsel with 1.68 multiplier in FLSA and NYLL case).

In approving contingency fee awards, courts often look to the *Goldberger* factors, to

determine the reasonableness of the fee. *See James*, WL 1915298 at 1-2 (*citing Goldberger*, 209 at 50). The factors to be considered under *Goldberger* are: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger*, 209 F.3d at 50.

In light of the *Goldberger* factors, the Court finds that the one-third contingency fee in this case is appropriate. *Id.*; *See also Gonzalez v. Citusa Park Avenue, LLC*, Case No. 20 Civ. 2326 (AT), WL 8920703, 2 (S.D. N.Y. Nov. 30, 2020) (awarding contingency fee of one-third given "the substantial success obtained in this case").

Lastly, Plaintiffs request to reimbursed $402 for the cost of the complaint, and $200 for *pro hac vice* fees paid to the Clerk of Court. The Court finds that Plaintiffs' are entitled to these costs. *See* 28 U.S.C. Section 1920(1). Plaintiffs also request to be reimbursed for $880 in Spanish-language interpreter fees accrued in prosecuting this action, and have attached an itemized statement showing the accrual of the interpreter expenses. The Court finds these costs are reasonable and awards these costs. *See* 28 U.S.C. Section 1920(6). Thus, Plaintiffs are awarded a total of $1,482.00 in costs.

As stated in the Settlement Agreement, the attorney's fees and costs shall be paid from, and not in addition to, the Settlement Payments specified in the Settlement Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that the Parties' Joint Letter to Approve Settlement (Doc. 37) is **GRANTED**. The Settlement Agreement (Doc. 37-1) is **APPROVED**. This action is **DISMISSED WITH PREJUDICE**. Furthermore, this Court elects to retain jurisdiction over this matter until the terms of the Settlement Agreement have been complied with.

**SO ORDERED** this __18__ day of ___September, 2024_____.

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE